AO 245B (Rev. 12/03)(VAED rev. 2) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
Richmond Division

UNITED STATES OF AMERICA
v.

ALICIA CASSANDRA GAMBRELL,
Defendant.

Case Number: 3:09CR00286-001

USM Number: 35129-183

Defendant's Attorney:
Carolyn V. Grady, Esquire

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts 1 and 7 of the Superseding Indictment and is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18:1344(1) and (2) | BANK FRAUD | Felony | 11/27/2007 | One (1) |
| 18:1028A(a)(1) | AGGRAVATED IDENTITY THEFT | Felony | 4/17/2007 | Seven (7) |

On motion of the United States, the Court has dismissed the original Indictment and Counts 2, 3, 4, 5, 6, 8 and 9 of the Superseding Indictment.

The defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

07/22/2010
Date of Imposition of Judgment

/s/
Henry E. Hudson
United States District Judge

Date July 27, 2010

**Case Number:** 3:09CR00286-001
**Defendant's Name:** ALICIA CASSANDRA GAMBRELL

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of THIRTY-NINE (39) MONTHS. This term consists of FIFTEEN (15) MONTHS on Count 1 and TWENTY-FOUR (24) MONTHS on Count 7, to be served consecutively.

The Court makes the following recommendations to the Bureau of Prisons:
Designate the defendant to FCI Danbury.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ______________________________ to ________________________________

at ____________________________________, with a certified copy of this Judgment.

________________________________________
UNITED STATES MARSHAL

By ________________________________________
DEPUTY UNITED STATES MARSHAL

**Case Number:** 3:09CR00286-001
**Defendant's Name:** ALICIA CASSANDRA GAMBRELL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS. This term consists of FIVE (5) YEARS on Count 1 and ONE (1) YEAR on Count 7, to run concurrently. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation , it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the next page:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**Case Number:** 3:09CR00286-001
**Defendant's Name:** ALICIA CASSANDRA GAMBRELL

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall not incur new credit card charges or open additional lines of credit without the approval of the probation officer.

2) The defendant shall provide the probation officer with access to requested financial information.

3) The defendant shall participate in a program approved by the Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial cost to be paid by the defendant, all as directed by the probation officer.

4) The defendant shall participate in a program approved by the Probation Office for mental health treatment, with the cost to be paid by the defendant, all as directed by the probation officer.

5) The defendant shall waive all rights of confidentiality regarding substance abuse and mental health treatment, in order to allow the release of information to the probation officer and authorize communication between the probation officer and the treatment provider(s).

6) As directed by the probation officer, the defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

7) The defendant shall pay the balance owed on any court-ordered financial obligations in monthly installments of not less than $175.00, or 25% of her net monthly income, whichever is greater, starting 60 days after supervision begins until paid in full.

Case Number: 3:09CR00286-001
Defendant's Name: ALICIA CASSANDRA GAMBRELL

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| One (1) | $100.00 | $0.00 | $60,796.05 |
| Seven (7) | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | **$200.00** | **$0.00** | **$60,796.05** |

No fines have been imposed in this case.

# RESTITUTION

The defendant must make restitution (including community restitution) to the following payees in the amount listed below. If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. Section § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Count | Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|---|
| SEE ATTACHMENT 'A' | One (1) | | $60,796.05 | |
| TOTALS: | | | **$60,796.05** | |

Restitution is due and payable immediately.

Payments of Restitution are to be made payable to Clerk, U.S. District Court.

Payments to the victims shall be made as follows:

The victim owed the least shall receive the first payment; the victim owed the second least shall receive the second payment, and so on, until all victims have received a payment. The next payments shall be made to the remaining victims in this classification, in the same manner, and continue until all victims in that classification have been paid in full.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**Defendant's Name:** **ALICIA CASSANDRA GAMBRELL**
**Case Number:** **3:09CR00286-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

Payment to begin immediately.

Payment during the term of supervised release will commence 60 days after the start of supervision.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.

## ATTACHMENT 'A'
RESTITUTION PAYEES

| | | |
|---|---|---|
| [1] | AMERICAN EXPRESS<br>Attn: Cindy Walsh<br>6712 Washington Avenue, Suite 210<br>Egg Harbor Township, NJ 08234 | $5,067.17 |
| [2] | BANK OF AMERICA<br>Attn: Val Dunigan<br>P.O. Box 2218<br>Purcellville, VA 20132 | $12,008.00 |
| [3] | CAPITAL ONE SERVICES, LLC<br>Attn: Keri Ward<br>P.O. Box 85582<br>Richmond, VA 23060 | $201.66 |
| [4] | CHASE CARD SERVICES<br>Attn: Carol Muellers<br>P.O. Box 399<br>Hicksville, NY 11802 | $14,717.36 |
| [5] | CITI INVESTIGATIVE SERVICES<br>Attn: Claudette Moser<br>14700 Citicorp Drive<br>Building 2, Floor 1<br>Hagerstown, MD 21742<br>Reference Case # 200900719481 | $4,474.52 |
| [6] | DISCOVER FINANCIAL SERVICES<br>P.O. Box 3005<br>New Albany, OH 43054 | $2,276.67 |
| [7] | DOMINION VIRGINIA POWER<br>Attn: Diane Barden<br>5000 Dominion Boulevard<br>Glen Allen, VA 23060 | $1,265.07 |
| [8] | FIRST PREMIER BANK<br>Attn: Security Department<br>P.O. Box 5524<br>Sioux Falls, SD 57117 | $488.00 |

RESTITUTION PAYEES, CON'T.

| | | |
|---|---|---|
| [9] | NATIONAL COLLEGIATE TRUST<br>C/O Chad Sullivan<br>One Cabot Road, 3rd Floor<br>Medford, MA 02155 | $7,000.00 |
| [10] | PNC/US BANK<br>Attn: Jan Gray<br>777 East Wisconsin Avenue<br>Suite 129<br>Milwaukee, WI 53202 | $11,296.21 |
| [11] | VERIZON<br>Attn: Bill Fippinger<br>1 Verizon Way<br>Basking Ridge, NJ 07920 | $179.00 |
| [12] | VIRGINIA CREDIT UNION<br>Attn: Steve Csoke<br>P.O. Box 90010<br>Richmond, VA 23225 | $1,198.16 |
| [13] | WORLD FINANCIAL NETWORK<br>NATIONAL BANK<br>Attn: Clerk of Records<br>220 West Schrock Road<br>Westerville, OH 43081<br>Ref: 20090127-45 ($432.19 loss)<br>20070413-19 ($192.04 loss) | $624.23 |