

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 3:09CR286–HEH |
| ALICIA CASSANDRA GAMBRELL, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Alicia Gambrell, a former federal inmate,[1] submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. ("§ 2255 Motion," ECF No. 40–1.) The Government filed its response and provided Gambrell with *Roseboro* notice.[2] Gambrell failed to respond. The matter is now ripe for disposition.

## I. PROCEDURAL HISTORY

On January 19, 2010, a grand jury returned an eight-count superseding indictment charging Gambrell with two counts of bank fraud, (Counts One and Two), mail fraud, (Count Three), three counts of access device fraud, (Counts Four through Six), and three counts of aggravated identity theft (Counts Seven through Nine). (First Superceding Indictment 3–9, ECF No. 19.) Counsel for Gambrell negotiated a plea agreement with the Government pursuant to which Gambrell agreed to plead guilty to Count One and

---

[1] "The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed." *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Although Gambrell was released from custody on May 10, 2013 (*see* ECF No. 44, at 1), she filed the instant motion while still incarcerated for the convictions she challenges.

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

Count Seven and the Government dismissed the remaining seven counts. (Plea Agreement ¶¶ 1, 10, ECF No. 23.) On March 4, 2011, Gambrell signed the Plea Agreement, the Court conducted a Rule 11 colloquy, and accepted Gambrell's plea of guilty. On July 27, 2010, the Court sentenced Gambrell to a term of thirty-nine months of imprisonment. (J. 2, ECF No. 34.) Gambrell filed no appeal.

## II. GAMBRELL'S CLAIM IS DEFAULTED

In her § 2255 Motion, Gambrell raises only one claim for relief, that pursuant to *Skilling v. United States*, 130 S. Ct. 2896 (2010)[3] her conviction for bank fraud under 18 U.S.C. § 1344 "did not involve bribes, kickbacks as evidence" thus, her conviction for Count One is invalid. (§ 2255 Mot. 7.) The Government correctly notes that, because Gambrell could have, but failed to raise this claim on direct appeal, she procedurally defaulted her claim. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998). Gambrell fails to show cause and prejudice or her actual innocence to excuse her default. Accordingly, Gambrell's claim is defaulted and will be dismissed.

---

[3] *Skilling v. United States*, 130 S. Ct. 2896 (2010), and two companion cases considering the same issue, *Black v. United States*, 130 S. Ct. 2963 (2010) and *Weyhrauch v. United States*, 561 U.S. 476 (2010), were decided on June 24, 2010, nearly a month before Gambrell's sentencing. Thus, Gambrell could have raised her claim on direct appeal. Moreover, *Skilling*, *Black*, and *Weyhrauch* involved the "honest services fraud" component of the federal ban on mail fraud, found in 18 U.S.C. § 1346. *Black*, 130 S. Ct. at 2966; *see Cotton v. Keffer*, No. 4:10–CV–545–Y, 2011 WL 3611489, at *6 (N.D. Tex. Apr. 25, 2011); *aff'd* No. 11–10918, 2012 WL 1623577, at *2 (5th Cir. May 9, 2012). *Skilling* held that § 1346 criminalized only fraudulent schemes involving bribery and kickbacks. *Skilling*, 130 S. Ct. at 2933. Gambrell was not convicted of honest services fraud under §1346, and *Skilling* and its companion cases have no relevance or applicability to Gambrell's convictions for bank fraud under 18 U.S.C. § 1344. *See Cotton*, 2012 WL 1623577, at *1 (5th Cir. May 9, 2012); *Cotton*, 2011 WL 3611489, at *6 (concluding that *Skilling* "is neither relevant nor applicable to . . . bank fraud convictions" under § 1344); *Bey v. United States*, No. RWT–11–3238, 2013 WL 715148, at *7 (D. Md. Feb. 25, 2013) (concluding *Skilling* has no impact on §1344 convictions).

Gambrell's § 2255 Motion will be denied. The action is dismissed. A certificate of appealability will be denied.[4]

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: March 27, 2014
Richmond, Virginia

---

[4] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Gambrell has not satisfied this standard.

3